DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
 {¶ 1} Appellant, Dr. Mark Tereletsky, appeals the decision of the Summit County Court of Common Pleas that denied his Motion for Relief from Judgment. For the reasons that follow, we dismiss this appeal as moot.
 {¶ 2} In 2006, Appellant and Appellee, Lucile Tereletsky, divorced. The parties held extensive assets, the values of which were hotly contested during the course of the divorce proceedings. These assets included a home in Hudson, Ohio; a vacation home on Kiawah Island, South Carolina; a time share in Mexico; several businesses and business properties in which Appellant held an interest; and multiple financial accounts. *Page 2 
 {¶ 3} On April 19, 2005, the trial court ordered Appellant to pay $8,400.00 per month to Appellee as non-taxable maintenance, out of which Appellee was required to pay "all expenses of any kind in connection with the use and ownership of the marital residence of the parties in Hudson, Ohio, and the summer residence of the parties in Kiowah, [sic] South Carolina, including, but not limited to, the mortgage, taxes, insurance, utilities, assessments and other expenses." Appellee continued to reside in the marital residence and to manage the interests of the Kiawah Island property, which also provided significant rental income to the parties.
 {¶ 4} As discovery continued, Appellee retained the services of a professional appraiser, who estimated the fair market value of the Kiawah Island property at $500,000.00. Appellant and Appellee shared the cost of the appraisal equally. During a deposition taken in November 2005, Appellee affirmed that the appraiser's valuation seemed appropriate. At no point in the proceedings did Appellant dispute the appraised value or pursue an additional appraisal.
 {¶ 5} On November 17, 2005, immediately prior to the scheduled trial, the parties reached a settlement agreement and placed the terms on the record. With respect to the Kiawah Island property, the record reflects that the parties agreed to make "good faith efforts to get that property sold at a reasonable price" and that Appellee would "keep as her sole property all of the proceeds, net proceeds, received from that sale," with the exception of $30,000.00 to be used for the *Page 3 
education of the parties' children. The parties entered into a Separation Agreement on January 25, 2006, that purported to memorialize the terms of their settlement. On February 1, 2006, the trial court entered a Judgment Decree of Divorce that incorporated the terms of the Separation Agreement.
 {¶ 6} In the meantime, Appellee began the process of selling the Kiawah Island property by listing the property with a realtor for $825,000.00. An offer was extended and, shortly thereafter, Appellee requested that Appellant execute a quitclaim deed. During the discussions that ensued, it became apparent that the parties had omitted any reference to disposition of the proceeds of the Kiawah Island sale from the Separation Agreement. On June 27, 2006, Appellee moved the trial court to amend the Judgment and Decree of Divorce nunc pro tunc to provide "[t]hat wife shall receive all net proceeds from 125 Summer Duck Way after deposit of the $30,000.00 Educational Fund." Before the trial court ruled on the pending motion, Appellant moved for relief from judgment pursuant to Civ.R. 60(B)(3), arguing that the post-decree sale evidenced fraud on the part of Appellee with respect to the value of the Kiawah Island property. On November 29, 2006, the trial court denied Appellant's motion for relief from judgment and granted Appellee's motion to correct the Judgment and Decree of Divorce nunc pro tunc.[1]
Appellant timely appealed, raising two assignments of error. *Page 4 
 ASSIGNMENT OF ERROR I "The trial court erred and abused its discretion in denying Dr. Tereletsky's motion for relief from judgment where Mrs. Tereletsky actively concealed the value of the Kiawah property."
 ASSIGNMENT OF ERROR II "The trial court erroneously denied Dr. Tereletsky's motion for relief from judgment where, at a mininum [sic], the parties were both mistaken as to the value of the Kiawah property."
 {¶ 7} While Appellant's motion for relief from judgment was pending, proceeds from the sale of the Kiawah Island property were held in escrow. Shortly after the trial court denied his motion for relief from judgment, Appellant requested a stay of execution pending appeal pursuant to Civ.R. 62(B). The trial court granted the stay on the condition that Appellant post supersedeas bond in the amount of $150,000. In so ruling, the trial court concluded:
 "1. If a stay is granted and the Husband's appeal is subsequently overruled, Wife will have been damaged by having the proceeds from the Kiawah property restrained from when the property was sold until the appeal is decided.
 "2. In addition to having the proceeds restrained, Wife would be damaged by lost opportunities to use the funds for investment purposes or otherwise.
 "3. If a stay is not granted and the funds are paid to Wife and spent by her, Husband would have recourse against Wife, if the appeal is sustained, by modifying the award of spousal support to recoup any award to him for the Kiawah property."
Appellant failed to post bond as required by Civ.R. 62(B) and the trial court's order and, on February 16, 2007, Appellee moved the trial court to enforce the *Page 5 
judgment by releasing the net proceeds of the sale. The trial court granted Appellee's motion on February 27, 2007.
 {¶ 8} This court may only review live controversies. Westfield Lakes,L.P. v. Bd. of Zoning Appeals of Westfield Twp. (Aug. 15, 2001), 9th Dist. No. 3158M, at *1. "As a general proposition, an appeal from a judgment with which the appellant has voluntarily complied will be dismissed as moot. In other words, `[a]fter compliance, there is nothing to litigate.'" (Internal citations omitted.) Id., quoting American BookCo. v. Kansas (1904), 193 U.S. 49, 52. When a nonappealing party obtains satisfaction of judgment, therefore, the issues raised in the appeal are rendered moot and the appeal must be dismissed. Hagood v. Gail (1995),105 Ohio App.3d 780, 785, citing Blodgett v. Blodgett (1990),49 Ohio St.3d 243, 245.
 {¶ 9} Appellant has appealed from the trial court's denial of his motion to vacate the Judgment Decree and Divorce with respect to distribution of the proceeds from the sale of the Kiawah Island property. The controversy before this Court is not the overall distribution of assets in the parties' property division, but allegations of fraud on the part of Appellee with respect to the valuation and sale of a single asset. Appellant having failed to post bond as required by Civ.R. 62(B), the proceeds of sale have been distributed to Appellee. The controversy at issue in this appeal has been extinguished, and the appeal is dismissed as moot.
Appeal dismissed. *Page 6 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
DICKINSON, J. BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] Appellant has not challenged the trial court's decision to amend the Judgment and Decree of Divorce nunc pro tunc. *Page 1