DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Terri L. Ruf ("Wife") appeals portions of the judgment entry of divorce entered by the Summit County Court of Common Pleas, Domestic Relations Division.
 {¶ 2} Wife and Appellee Walter R. Ruf ("Husband") were married on August 30, 1990, after cohabitating since 1987. The parties' daughter was born on April 7, 1992. Father was a physician until he retired on December 31, 2005. Mother has a nursing degree, but has not worked since 1987, by agreement of the parties. On May 5, 2005, Wife filed for divorce. The matter was tried to Judge Quinn on January 16, 2007 and lasted four days. On June 28, 2007, the trial court *Page 2 
granted the parties a divorce and entered judgment ("Judgment Entry"). On July 18, 2007, Wife timely appealed the Judgment Entry. Upon Wife's motion, the trial court, on August 27, 2007, stayed the Judgment Entry pending appeal upon Wife posting a supersedeas bond. Wife posted the bond on September 24, 2007.
 {¶ 3} Wife raises four assignments of error.
 Assignment of Error Number One "The trial court's determination that significant marital assets were the separate property of [Husband] is against the manifest weight of the evidence."
 Assignment of Error Number Two "The trial court erred when it divided the marital assets as such division was clearly inequitable to [Wife]."
 Assignment of Error Number Three "The trial court abused its discretion when it failed to award attorneys' fees to [Wife]."
 {¶ 4} As to Wife's first assignment of error, the "characterization of property as either marital or separate is a factual inquiry, and we review such characterization under a manifest weight of the evidence standard." Morris v. Morris, 9th Dist. No. 22778, 2006-Ohio-1560, at ¶ 23. "Therefore, this court must affirm the trial court's characterization if it is supported by competent credible evidence."Varner v. Varner, 170 Ohio App.3d 448, 2007-Ohio-675, at ¶ 13, citingBucalo v. Bucalo, 9th Dist. No. 05CA0011-M, 2005-Ohio-6319, at ¶ 12. "This standard is highly deferential and even `some' evidence is sufficient to sustain the *Page 3 
judgment and prevent a reversal." Barkley v. Barkley (1997),119 Ohio App.3d 155, 159.
 {¶ 5} As to Wife's second assignment of error, we review the trial court's division of property for an abuse of discretion. Manning v.Manning (1994), 9th Dist. No. 2861, at *1, citing Briganti v.Briganti (1984), 9 Ohio St.3d 220, 222. In determining whether the trial court abused its discretion, "[c]ourts may not examine the valuation and division of particular assets in isolation, but must instead view the entire property division considering the totality of thecircumstances." Shuler v. Shuler (1999), 9th Dist. No. 98CA007093, at *1, citing Jelen v. Jelen (1993), 86 Ohio App.3d 199, 203. (Emphasis added). Similarly, "[decisions regarding the award of attorney fees are within the discretion of the trial court and will not be disturbed without an abuse of discretion." Peters v. Peters, 9th Dist. No. 06CA008869, 2006-Ohio-5815, at ¶ 13, citing Motorists Mut. Ins. Co. v.Brandenburg (1995), 72 Ohio St.3d 157, syllabus.
 {¶ 6} We decline to address the merits of Wife's first three assignments of error as the trial exhibits are not in the appellate record. Both parties refer at length to the trial exhibits in their briefs. There is no record that the exhibits, although admitted at trial, were ever filed with the trial court and/or transmitted as part of the record to this Court. The notice of filing indicates only that the transcript of docket, journal entries and four volumes of the transcript of proceedings were transmitted to this Court. "It is the duty of the appellant * * * to *Page 4 
ensure that the appellate court file actually contains all parts of the record that are necessary to the appeal." Loc.App.R. 5(A). As the exhibits are not part of the record, they cannot be considered by this Court. Silver Lake v. Metro Regional Transit Auth, 9th Dist. No. 22199,2005-Ohio-2157, at ¶ 4.
 {¶ 7} Without the exhibits to support the testimony and evidence at trial and Wife's arguments on appeal, we must presume regularity and determine that the trial court's decision was supported by competent credible evidence. See Rose v. Rose (Nov. 7, 2001), 9th Dist. No. 3194-M, at *3. Likewise, we cannot find that the trial court abused its discretion absent the complete record that would allow us to consider the totality of the circumstances. See id; Shuler at *1.
 {¶ 8} Wife's first, second and third assignments of error are overruled.
 Assignment of Error Number Four "The trial court erred in making the repayment of Husband's child support arrearages contingent upon the future disposition of land when Husband has sufficient assets available to pay."
 {¶ 9} In her last assignment of error, Wife argues that the trial court erred when it failed to ensure, via withholding or deduction from income or assets, that funds were available to meet Husband's child support obligations from the commencement of the support order in contravention of R.C. 3121.02. However, Husband has now paid the child support arrearage.
 {¶ 10} As we stated in Tereletsky v. Tereletsky, 9th Dist. No. 23520,2007-Ohio-4132, at ¶ 8: *Page 5 
 "This court may only review live controversies. Westfield Lakes, L.P. v. Bd. of Zoning Appeals of Westfield Twp. (Aug. 15, 2001), 9th Dist. No. 3158M, at *1. `As a general proposition, an appeal from a judgment with which the appellant has voluntarily complied will be dismissed as moot. In other words, "`[a]fter compliance, there is nothing to litigate."' (Internal citations omitted.) Id., quoting American Book Co. v. Kansas (1904), 193 U.S. 49, 52, 24 S.Ct. 394, 48 L.Ed. 613. When a nonappealing party obtains satisfaction of judgment, therefore, the issues raised in the appeal are rendered moot and the appeal must be dismissed. Hagood v. Gail (1995), 105 Ohio App.3d 780, 785, 664 N.E.2d 1373, citing Blodgett v. Blodgett (1990), 49 Ohio St.3d 243, 245, 551 N.E.2d 1249."
 {¶ ll} As Husband has paid the child support arrearage, Wife's fourth assignment of error is moot and is thereby overruled.
 {¶ 12} Each of Wife's assignments of error is overruled and the judgment of the trial court is affirmed.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of *Page 6 
Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 Whitmore, J. Moore, P. J., concur. *Page 1