DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiffs-Appellants, Norman Lunato, his former wife, his daughter, and Louis Yoppolo, a bankruptcy trustee, (collectively "the Lunatos") appeal from the judgment of the Lorain County Court of Common Pleas awarding summary judgment to Defendant-Appellee, Aurelian Corporation ("Aurelian"). This Court affirms.
 I {¶ 2} On April 23, 2003, Norman Lunato was injured while helping to troubleshoot various issues with a 20" sawmill. Lunato, an electrical maintenance engineer for Republic Engineering Products ("REP"), received numerous injuries as a result of the accident and filed suit against his employer and several other companies on January 21, 2005. One of these companies, Aurelian, took part in the integration of the new sawmill technology at Lunato's workplace. In his suit against Aurelian, Lunato alleged that Aurelian breached a duty of care it owed to him under various negligence theories. *Page 2 
 {¶ 3} On June 30, 2006, Aurelian filed a motion for summary judgment. Subsequently, the trial court granted summary judgment in Aurelian's favor on each of the Lunatos' claims.
 {¶ 4} On January 14, 2008, the Lunatos filed their notice of appeal. The Lunatos' appeal is now before this Court, raising three assignments of error for our review.
 II Assignment of Error Number One "THE TRIAL COURT ERRED IN GRANTING DEFENDANT-AURELIAN CORPORATION'S MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW AS AURELIAN OWED PLAINTIFF-APPELLANT NORMAN LUNATO A DUTY TO EXERCISE ORDINARY, REASONABLE CARE NOT TO CAUSE INJURY TO NORMAN LUNATO."
 Assignment of Error Number Two "THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE AURELIAN CORPORATION'S MOTION FOR SUMMARY JUDGMENT AS REASONABLE MINDS COULD CONCLUDE THAT AURELIAN ACTIVELY PARTICIPATED IN THE WORK OF NORMAN LUNATO, AND AURELIAN CREATED OR FAILED TO ELIMINATE THE HAZARD WHICH CAUSED NORMAN LUNATO INJURY AND DAMAGE."
 Assignment of Error Number Three "THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE AURELIAN CORPORATION'S MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW, AS THE COMPLAINT PLED A CAUSE OF ACTION IN NEGLIGENCE AGAINST AURELIAN."
 {¶ 5} In their first assignment of error, the Lunatos argue that the trial court erred in granting summary judgment to Aurelian because Aurelian owed Lunato a duty of care as an independent contractor of REP and breached that duty. In their second assignment of error, the Lunatos argue that the trial court erred in granting summary judgment to Aurelian because Aurelian owed Lunato a duty of care by virtue of its actively participating in directing his work and breached that duty. In their third assignment of error, the Lunatos argue that the trial court *Page 3 
erred in granting Aurelian's motion for summary judgment because their complaint included a cause of action for negligence against Aurelian.
 {¶ 6} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 7} Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 8} In its motion for summary judgment, Aurelian argued that it did not owe Lunato any duty because it had no authority to direct or control him as an REP employee and did not "actively participate" in Lunato's job performance. Aurelian further argued that it was not *Page 4 
negligent or strictly liable under a theory of defective design or manufacturing because it "was not responsible for the design, manufacture, supply, or installation of any part of the saw line" on which Lunato was injured. Aurelian supported its motion for summary judgment with affidavits, deposition testimony, and relevant case law.
 {¶ 9} According to Aurelian's motion for summary judgment, REP hired Aurelian to integrate its existing mill control system with a newer system. This work did not include any "work or support in the new 20" saw line area where the incident with Mr. Lunato occurred." Rather, Aurelian's employees were there to shadow engineers and help them understand the technology behind the systems. On the day of Lunato's accident, Lunato climbed a ladder at the direction of Bach Ty Nguyen, a project engineer for REP, and followed Nguyen's directions in attempting to troubleshoot a problem with the 20" saw line. The saw line was re-energized while Lunato was still on the ladder. Lunato received a blow to the head and fell to the floor. According to Aurelian's motion, Aurelian was not liable to Lunato for this injury because Aurelian did not owe him any duty.
 {¶ 10} Several pieces of evidence from Aurelian's motion for summary judgment support Aurelian's conclusion that it did not owe a duty. Richard Wildman, the manager of processing automation at REP, provided in his affidavit that no one from Aurelien "had authority to direct, control or supervise REP electrical maintenance workers." Mark A. Cunningham, the president of Aurelian, provided in his affidavit that Aurelian "was not responsible for the design, manufacture, supply or installation of any part of the saw line which Lunato was working on at the time of his injury." Further, Cunningham's affidavit specified that "Aurelian had no authority to direct or control any REP employee." In his own deposition testimony, Lunato stated that at the time of his injury he was taking commands from Bach Ty Nguyen, a project *Page 5 
engineer for REP, not Aurelian. All of this Civ.R. 56(C) evidence supported Aurelian's assertion that it did not owe a duty to Lunato at the time of his injury. Consequently, Aurelian met its initialDresher burden and the burden shifted to the Lunatos to demonstrate a genuine issue for trial. See Dresher, 75 Ohio St.3d at 292-93; Civ.R. 56(C).
 {¶ 11} Upon review of the record, this Court discovered that the Lunatos' brief in opposition to Aurelian's motion for summary judgment is not a part of the appellate record. The Lorain County Clerk of Court's docket sheet indicates that the Lunatos filed a brief in opposition, but the brief is not a part of the trial court record that the clerk's office transmitted to this Court. See App.R. 10(B). This Court has repeatedly held that it is the duty of the appellant to ensure that the record on appeal is complete. See Ruf v. Ruf, 9th Dist. No. 23813, 2008-Ohio-663, at ¶ 6, quoting Loc.R. 5(A). "In the absence of a complete record, an appellate court must presume regularity in the trial court's proceedings." State v. Tillman (1997), 119 Ohio App.3d 449, 454. Without the Lunatos' brief in opposition, it is impossible to tell what arguments they raised below and what evidence they relied upon in support of their reciprocal burden. See Dresher, 75 Ohio St.3d at 293;Henkle, 75 Ohio App.3d at 735. Consequently, we must presume regularity and conclude that the trial court did not err in granting Aurelian's motion for summary judgment on all of the Lunatos' claims. SeeTillman, 119 Ohio App.3d at 454. The Lunatos' first, second, and third assignments of error are overruled.
 III {¶ 12} The Lunatos' assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
 Judgment affirmed. *Page 6 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Baird, J. concurs.