DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Clinton Cloyd Jr., appeals the judgment of the Akron Municipal Court which affirmed the objections of Appellee, Bobbie Fields, rejected the decision of the magistrate, and entered judgment in favor of Fields and against Cloyd. This Court affirms.
 I. {¶ 2} Bobbie Fields ("Bobbie") filed a small claims complaint against her brother Clinton Cloyd ("Clinton"), alleging that she had loaned him $519.64 which he refused to repay. The magistrate heard evidence on the matter on December 17, 2007, and again on January 18, 2008. On February 14, 2008, the magistrate issued a decision in which she found that Bobbie had failed to prove by a preponderance of the evidence that she had made a loan to Clinton. Six days later, Bobbie filed timely objections to the magistrate's decision.
 {¶ 3} On February 22, 2008, the trial court issued an order in which it noted that, where the party objecting to factual findings fails to file a transcript of the proceedings in support of her *Page 2 
objections, the trial court must accept the magistrate's findings of fact and review only conclusions of law. The trial court asserted, however, that a review of the file and attached exhibits indicated that the objections may have merit. Therefore, the trial court dismissed Bobbie's objections without prejudice and granted her leave to refile her objections along with a transcript of the proceedings not later than March 21, 2008.
 {¶ 4} On March 7, 2008, Bobbie refiled her objections. The record includes the cover sheets of the transcripts of the proceedings from December 17, 2007, and January 18, 2008. Both cover sheets bear a time-stamp from March 7, 2008, indicating that both transcripts were properly filed. The full transcripts are not contained in the record provided by the Akron Municipal Clerk's office.
 {¶ 5} Clinton did not file a response to Bobbie's objections.
 {¶ 6} The trial court subsequently ruled on Bobbie's objections. After citing to portions of the transcript of the hearing before the magistrate, the trial court found that "[t]he [magistrate lost her way by allowing voluminous and confusing testimony regarding a `counterclaim' that had never been filed[.]" Upon a review of the hearing testimony and evidence, the trial court affirmed Bobbie's objections upon finding that Clinton "readily admitted to owing the money several times." Accordingly, the trial court rejected the magistrate's decision and entered judgment in favor of Bobbie and against Clinton in the amount of $519.64, plus interest and costs, "including the cost of obtaining the transcripts[.]"
 {¶ 7} Clinton timely appeals, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL JUDGE ERRED IN OVERRULING THE MAGISTRATE'S DECISION." *Page 3 
 {¶ 8} Clinton argues that the trial court erred in overruling the magistrate's decision because witness credibility must be left to the sole determination of the trier of fact, in this case, the magistrate. This Court finds Clinton's argument not well taken.
 {¶ 9} Neither party has set forth the appropriate standard of appellate review in this case. When reviewing an appeal from the trial court's ruling on objections to a magistrate's decision, this Court must determine whether the trial court abused its discretion in reaching its decision. Turner v. Turner, 9th Dist. No. 07CA009187, 2008-Ohio-2601, at ¶ 10. "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision."Mealey v. Mealey (May 8, 1996), 9th Dist. No. 95CA0093. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 10} This Court is compelled to first address the record on appeal. Pursuant to App. R. 12(A)(1)(b), we are limited to determining the appeal on the record as provided in App. R. 9. App. R. 9(B) states in relevant part:
 "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. * * * If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." *Page 4 
 {¶ 11} Further, the appellant is responsible for providing this Court with a record of the facts, testimony, and evidentiary matters necessary to support the assignments of error. Volodkevich v. Volodkevich (1989),48 Ohio App.3d 313, 314. Specifically, it is appellant's duty to transmit the transcript of proceedings. App. R. 10(A); Loc. R. 5(A). "When portions of the transcript which are necessary to resolve assignments of error are not included in the record on appeal, the reviewing court has `no choice but to presume the validity of the [trial] court's proceedings, and affirm.'" Cuyahoga Falls v. James, 9th Dist. No. 21119, 2003-Ohio-531, at ¶ 9, quoting Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
 {¶ 12} In this case, Clinton filed a praecipe to the court reporter on April 2, 2008, requesting preparation of transcripts of the December 17, 2007, and January 18, 2008 hearings before the magistrate. However, there are no transcripts in the record before this Court. An inquiry to the Summit County Clerk of Courts, Court of Appeals Division, revealed that no transcripts were filed with the appellate record. This Court recognizes that Clinton was not required to file a praecipe for the preparation of these transcripts as they constituted a part of the record below, as evidenced by the time-stamped transcript cover sheets and the trial court's reference to portions of the transcripts in its judgment entry. See App. R. 9(B). However, there are no transcripts contained in either the trial court or appellate record.
 {¶ 13} "This Court has repeatedly held that it is the duty of the appellant to ensure that the record on appeal is complete." Lunato v.Stevens Painton Corp., 9th Dist. No. 08CA009318, 2008-Ohio-3206, at ¶ 11, citing Ruf v. Ruf, 9th Dist. No. 23813, 2008-Ohio-663, at ¶ 6, quoting Loc. R. 5(A). Clinton failed to ensure that the transcripts of the hearings before the magistrate were contained in the record on appeal. Because the transcripts are necessary for a determination of Clinton's assignment of error, this Court must presume regularity in the trial court's *Page 5 
proceedings and affirm the judgment of the trial court. SeeKnapp, 61 Ohio St.2d at 199. Clinton's assignment of error is overruled.
 III. {¶ 14} Clinton's sole assignment of error is overruled. The judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Municipal Court of Akron, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 SLABY, J. CONCURS. *Page 6