DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} For about three years, Penny McFadden rented an apartment from Mike and Linda Riggle. When Ms. McFadden moved out, the Riggles discovered extensive damage due to cigarette smoke. The Riggles sued for the cost of cleaning the apartment and replacing the carpet. A magistrate ruled in favor of the Riggles, and the trial court adopted the magistrate's decision over Ms. McFadden's objections. Ms. McFadden appealed, arguing that the trial court incorrectly awarded the Riggles damages for ordinary wear and tear and incorrectly based the measure of damages on replacement cost rather than fair market value. This Court affirms because Ms. McFadden has failed to provide this Court with a transcript of the magistrate's hearing. *Page 2 
 BACKGROUND {¶ 2} The Riggles claimed that the apartment was extensively damaged by cigarette smoke, including a pervasive odor, yellow stains on the walls and registers, and burn marks on the carpet. A magistrate in the Small Claims Division of the Wayne County Municipal Court held a hearing and determined that the damage caused by Ms. McFadden's smoking went beyond normal wear and tear and found Ms. McFadden liable for it. The magistrate determined that the total damage exceeded $4500, but limited the award to $3000 plus interest in keeping with the jurisdictional maximum of the court. Ms. McFadden, represented by a lawyer, objected to the magistrate's decision. The Riggles, acting pro se, responded. The trial court overruled Ms. McFadden's objections and adopted the opinion of the magistrate.
 THE RECORD ON APPEAL {¶ 3} It is the appellant's duty to ensure that a transcript of proceedings is transmitted to the appellate court for review. App. R. 10(A); Loc. R. 5(A). "When portions of the transcript which are necessary to resolve assignments of error are not included in the record on appeal, the reviewing court has `no choice but to presume the validity of the [trial] court's proceedings, and affirm.'" CuyahogaFalls v. James, 9th Dist. No. 21119, 2003-Ohio-531, at ¶ 9 (quotingKnapp v. Edwards Labs., 61 Ohio St. 2d 197, 199 (1980)).
 {¶ 4} In this case, the trial court referred to a transcript in its journal entry, but no transcript appears in the appellate record. In fact, this Court can find no evidence that a transcript was ever filed in this matter. The trial court's docket does not reflect an entry for the filing of any transcript, and an inquiry to the Wayne County Clerk of Courts, Appellate Division, revealed that no transcript was filed with the appellate record. *Page 3 
 {¶ 5} "This Court has repeatedly held that it is the duty of the appellant to ensure that the record on appeal is complete." Lunato v.Stevens Painton Corp., 9th Dist. No. 08CA009318, 2008-Ohio-3206, at ¶ 11 (citing Ruf v. Ruf, 9th Dist. No. 23813, 2008-Ohio-663, at ¶ 6). Ms. McFadden failed to ensure that the transcript of the hearing before the magistrate was filed with the trial court and contained in the record on appeal. Therefore, this Court must presume regularity in the trial court's proceedings and affirm the judgment of the trial court. See Knapp, 61 Ohio St. 2d at 199. Ms. McFadden's assignments of error are overruled.
 CONCLUSION {¶ 6} Ms. McFadden has failed to carry her burden on appeal. The judgment of the Wayne County Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 4 
Costs taxed to appellant.
 SLABY, J., MOORE, P. J., CONCUR *Page 1