DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Christy Mason, appeals the judgment of the Lorain County Court of Common Pleas, Juvenile Division, granting permanent custody of Mason's minor children, R.A. and S.A., to their paternal aunt, Sandra Adkins. We affirm.
 I. {¶ 2} This action commenced on January 4, 2007, when Lorain County Children Services ("LCCS") filed a complaint seeking an adjudication of neglect and dependency of Mason's minor children, R.A., born April 8, 2005, and S.A., born May 24, 2006. On March 27, 2007, a hearing was held, and on March 30, 2007, the children were adjudicated neglected and dependent. Temporary custody was granted to Adkins. On September 10, 2007, Mason filed a motion for further disposition orders seeking a visitation and contact schedule with her children. On October 11, 2007, LCCS filed a motion for further disposition orders seeking a grant of legal custody to Adkins. Although both parties indicate in their briefs that Mason filed another motion *Page 2 
for further disposition hearing asking for an extension of the temporary custody order, the docket does not reflect, and the record does not contain, such a motion. On January 8, 2008, and February 19, 2008, hearings were held, [1] and on February 28, 2008, the magistrate issued a decision, which the trial court adopted the same day. On March 6, 2008, Mason objected to the magistrate's decision and LCCS responded thereto. On May 20, 2008, Mason filed amended objections to the magistrate's decision. Both parties waived oral argument as to the objections and on May 28, 2008, the trial court issued its judgment entry granting legal custody of R.A. and S.A. to Adkins. Mason timely appealed and raises one assignment of error.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN NOT GRANTING [MASON'S] MOTION FOR AN EXTENSION OF TEMPORARY CUSTODY PURSUANT TO JUVR [SIC] 14(B) AND ORC 2151.415(D)."
 {¶ 3} In her first assignment of error, Mason argues that the trial court erred when it failed to grant her motion for extension of temporary custody of R.A. and S.A. to Adkins. As noted above, however, Mason's motion is not reflected in the docket and is not part of the record. Neither was such motion made verbally at either hearing. We further note that the magistrate's decision indicates that the hearing was held "on Mother's Motion for Further Disposition Orders filed September 10, 2007 and [LCCS] Motion for Further Disposition Hearing filed October 11, 2007." As noted above, Mason's September 10, 2007 motion sought a visitation and contact schedule with R.A. and S.A., not an extension of temporary custody. The only reference in the record to the relief Mason allegedly requested is Mason's testimony during direct examination *Page 3 
"asking for an extension of temporary custody with the aunt until [she] get[s] her housing completed." Mason was represented by counsel throughout the proceedings. Although counsel references a previously filed motion, Counsel did not move the court either before, during, or after the hearing, to extend temporary custody. We are not inclined to construe Mason's statement during direct examination as a motion.
 {¶ 4} "This Court has repeatedly held that it is the duty of the appellant to ensure that the record on appeal is complete." Lunato v.Stevens Painton Corp., 9th Dist. No. 08CA009318, 2008-Ohio-3206, at ¶ 11. See, also, Ruf v. Ruf, 9th Dist. No. 23813, 2008-Ohio-663, at ¶ 6, quoting Loc. R. 5(A). "In the absence of a complete record, an appellate court must presume regularity in the trial court's proceedings." State v. Tillman (1997), 119 Ohio App.3d 449, 454. As Mason has only alleged error related the trial court's disposition of her motion, which motion is not in the record, we must presume regularity and conclude that the trial court properly disposed of the issues before it.
 {¶ 5} Mason's assignment of error is overruled.
 III. {¶ 6} Mason's assignment of error is overruled and the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27. *Page 4 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
SLABY, J., DICKINSON, J., CONCUR.
[1] Counsel for R.A. and S.A.'s father, Donald Adkins, was present at the hearings. Mr. Adkins was not present. *Page 1