[Cite as *Rice v. Bowler*, 2012-Ohio-2612.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

CLYDE D. RICE

      Appellant

    v.

MICHAEL B. BOWLER, et al.

      Appellee

C.A. No.     25960


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2008-07-5107

DECISION AND JOURNAL ENTRY

Dated: June 13, 2012

BELFANCE, Judge.

{¶1} Clyde Rice appeals the trial court's judgment in favor of Michael Bowler. For the reasons set forth below, we affirm.

I.

{¶2} Mr. Rice filed a malpractice action against Mr. Bowler, who had represented him in a criminal proceeding, and Mr. Bowler's law firm. Mr. Rice claimed that Mr. Bowler had negligently failed to move to dismiss the charges for violating Mr. Rice's right to a speedy trial. Instead, according to Mr. Rice, Mr. Bowler urged him to plead guilty, which he did.

{¶3} Following a contentious discovery period, both parties moved for summary judgment, which the trial court denied. In lieu of a full trial on all of the issues, the parties entered into a joint stipulation in which the parties stipulated to eight facts and asked the trial court to resolve whether Mr. Rice's speedy trial rights had been violated. The parties also agreed to waive any right to appeal the trial court's decision on that issue. The trial court found that had

the question been presented to it at trial, it would have found that the speedy trial time was not tolled pending Mr. Rice's request for a dispositional hearing. It would have also found that the Medina County authorities failed to exercise reasonable diligence to secure Mr. Rice's availability for trial. The trial court acknowledged that the process of reaching its conclusion "is convoluted at best[]" and that it was entirely possible that the trial judge in the Medina case would have disagreed with the trial court. The trial court further found that the docket clearly demonstrated that the negotiated plea and sentence of four years was a result far superior to the potential sentence of eight years on the second-degree felony charged in the indictment. Thus, the trial court concluded that Mr. Rice could not establish by the weight of the evidence that Mr. Bowler breached any duty owed to Mr. Rice. Mr. Rice has appealed, raising two assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY GOING OUTSIDE OF THE PARAMETERS OF THE STIPULATION AND AGREEMENT OF THE PARTIES RENDERING THE WAIVER OF APPEAL RIGHTS INVALID.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY HOLDING THAT APPELLEE WAS NOT NEGLIGENT AFTER DETERMINING THAT THE APPELLANT'S CONSTITUTIONAL AND STATUTORY RIGHTS TO A SPEEDY TRIAL HAD BEEN VIOLATED.

{¶4} Mr. Rice argues in his first assignment of error that the trial court went beyond the parameters of the stipulation of the parties when it determined that his speedy trial rights were violated, but also found that Mr. Bowler was, nonetheless, not liable for malpractice. In other words, Mr. Rice challenges the terms and the scope of the stipulation. In his second assignment of error, Mr. Rice argues that the trial court's determination that Mr. Rice's indictment could

have been dismissed for speedy trial reasons required the trial court to find Mr. Bowler liable for malpractice.

{¶5} We note, however, that Mr. Rice has not supplied this Court with a complete record of the proceedings below. Specifically, the record does not contain a transcript of the January 25, 2011 hearing at which the parties apparently reached the agreement at the center of this appeal. Though Mr. Rice did request preparation of the transcript, it was never filed with the record on appeal in accordance with the applicable appellate rules. However, Mr. Bowler did attach a copy of the transcript of the hearing to a motion to dismiss the appeal, and Mr. Rice attached a copy in the appendix of his brief. The copy attached to Mr. Rice's brief was stricken for failure to comply with Loc.R. 7(B)(9) and, regardless, neither party moved the supplement the record with the transcript. *See* Loc.R. 5(A)(3) ("No additions may be made to the record after the date on which the notice of the filing of the record is mailed to the parties except upon leave of the court of appeals to supplement the record.").

{¶6} "This Court has repeatedly held that it is the duty of the appellant to ensure that the record on appeal is complete." (Internal quotations and citations omitted.) *Riggle v. McFadden*, 9th Dist. No. 08CA0007, 2008-Ohio-5656, ¶ 5. Because this transcript is not in the record, we are unable to properly review the scope of the stipulations and agreement not to appeal. Nor are we able to properly review the trial court's determination of liability because it is unclear precisely what was said or agreed to at the January 25, 2011 hearing. Therefore, we must presume regularity in the proceedings below and affirm the judgment of the trial court. *Id*., citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶7} Accordingly, Mr. Rice's assignments of error are overruled.

4

III.

**{¶8}**  Mr. Rice's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
DICKINSON, J.
CONCUR.

APPEARANCES:

CLYDE D. RICE, pro se, Appellant.

ROBERT C. MEEKER, Attorney at Law, for Appellee.