[Cite as *State v. Dowey*, 2012-Ohio-1167.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.    25963 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| | BARBERTON MUNICIPAL COURT |
| COREY W. DOWEY | COUNTY OF SUMMIT, OHIO |
| | CASE No.    CRB1100681 |
| Appellant | |

DECISION AND JOURNAL ENTRY

Dated: March 21, 2012

---

DICKINSON, Judge.

## INTRODUCTION

{¶1}    Following a trial to the bench, a Barberton Municipal Court judge found Corey Dowey guilty of domestic violence.  Mr. Dowey has appealed, arguing that the judge failed to properly ascertain whether he had knowingly, intelligently, and voluntarily waived his right to counsel and used the incorrect standard of proof in determining his guilt.  We affirm because Mr. Dowey failed to provide this Court with a transcript of the trial proceedings.

## TRANSCRIPT OF PROCEEDINGS

{¶2}    Mr. Dowey's first assignment of error is that the municipal court judge did not properly inquire whether he knowingly, intelligently, and voluntarily refused the assistance of counsel.  His second assignment of error is that the judge applied an incorrect standard of proof.  Both of his assignments refer to errors that the trial judge allegedly made at trial.

{¶3}     It is an appellant's duty to ensure that a transcript of proceedings is transmitted to the appellate court for review.  App. R. 10(A); Loc. R. 5(A).  "When portions of the transcript which are necessary to resolve assignments of error are not included in the record on appeal, the reviewing court has 'no choice but to presume the validity of the [trial] court's proceedings, and affirm.'"  *City of Cuyahoga Falls v. James*, 9th Dist. No. 21119, 2003-Ohio-531, at ¶ 9 (quoting *Knapp v. Edwards Labs.*, 61 Ohio St. 2d 197, 199 (1980)).

{¶4}     Several days after the trial, the municipal court entered an order directing the court reporter to prepare a transcript of the proceedings.  It does not appear from the record that a transcript was ever prepared.  "This Court has repeatedly held that it is the duty of the appellant to ensure that the record on appeal is complete."  *Riggle v. McFadden*, 9th Dist. No. 08CA0007, 2008-Ohio-5656, at ¶ 5 (quoting *Lunato v. Stevens Painton Corp.*, 9th Dist. No. 08CA009318, 2008-Ohio-3206, at ¶ 11).  Appellate Rule 10(A) specifically directs an appellant to "comply with the provisions of [Appellate] Rule 9(B) and . . . take any other action necessary to enable the clerk to assemble and transmit the record."  Mr. Dowey did not ensure that the transcript of proceedings was prepared and filed or pursue alternatives under Appellate Rule 9(C) and (D) before the deadline for transmission of the record under Appellate Rule 10(B).  Accordingly, we are unable to review the merits of his assigned errors.

{¶5}     Because the record does not contain a transcript of the proceedings, this Court is unable to review whether the municipal court properly determined that Mr. Dowey knowingly, intelligently, and voluntarily waived his right to counsel or applied the incorrect standard of proof.  Mr. Dowey's assignments of error are overruled.

CONCLUSION

**{¶6}** Because the record does not contain a copy of the trial transcript, this Court must presume regularity. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

KAREN H. BROUSE, Attorney at Law, for Appellant.

HOLLY REESE, Assistant Prosecuting Attorney, for Appellee.