[Cite as *State v. Campbell*, 2014-Ohio-1329.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| COUNTY OF MEDINA | )ss:<br>) | NINTH JUDICIAL DISTRICT |

| STATE OF OHIO | C.A. No.      13CA0013-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| MICHAEL C. CAMPBELL | WADSWORTH MUNICIPAL COURT<br>COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.      10-CRB-00902 |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2014

---

CARR, Judge.

{¶1}  Appellant, Michael Campbell, appeals the judgment of the Wadsworth Municipal Court.  This Court affirms.

I.

{¶2}  When Campbell was on trial for speeding in 2010, he took the witness stand in his own defense and testified that his vehicle was equipped with a laser jamming device, a device that purportedly would have rendered the state trooper unable to detect Campbell's speed with a laser detection gun.  In light of this testimony, Campbell was charged with one count of obstructing official business in violation of R.C. 2921.31(A).

{¶3}  The matter proceeded to trial.  The complaint was amended at the close of the evidence to reflect the charge of attempted obstruction of official business.  A jury found Campbell guilty of the offense.  The trial court issued its sentencing entry on March 8, 2011.

**{¶4}** Campbell filed a notice of appeal. On August 1, 2012, this Court issued a journal entry dismissing the appeal on the basis that the March 8, 2011 sentencing entry did not reflect Campbell's sentence on the sole count in the complaint. After holding a resentencing hearing, the trial court issued a new sentencing entry on November 14, 2012. Campbell again appealed to this Court. Attached to the notice of appeal was a praecipe requesting that the trial transcript be included in the appellate record. However, while the praecipe was filed with the clerk of court, the "Acknowledgment of Court Reporter" portion of the praecipe was unsigned and undated. Thus, it does not appear that a written transcript was ever prepared. On January 4, 2013, this Court issued a journal entry dismissing the appeal on the basis that the November 14, 2012 sentencing entry was not a final, appealable order because it did not include a finding of guilt.

**{¶5}** On January 29, 2013, the trial court again issued a new sentencing entry. Campbell filed a timely notice of appeal. Appellate counsel subsequently filed a motion to withdraw. The motion identified Campbell as substitute counsel, and indicated Campbell was certified to practice law in Ohio. This Court granted the motion to withdraw. Campbell filed a pro se motion to supplement the appellate record to "include transcripts" from his prior appeal, which this Court granted.

**{¶6}** On appeal, Campbell raises seven assignments of error. As Campbell has raised a threshold issue dealing with the trial court's jurisdiction, we have rearranged his assignments of error to facilitate review.

II.

**ASSIGNMENT OF ERROR VI**

THE PROSECUTION AGAINST APPELLANT WAS INITIATED BY A DEFECTIVE COMPLAINT, THUS DEPRIVING THE TRIAL COURT OF SUBJECT MATTER JURISDICTION TO CONVICT CAMPBELL OF ATTEMPTED OBSTRUCTION OF OFFICIAL BUSINESS.

{¶7}     In his sixth assignment of error, Campbell argues the trial court lacked subject matter jurisdiction over the defendant because the complaint was defective.  Specifically, Campbell argues the complaint failed to contain essential facts, namely the specific act that hampered or impeded the officer, the identity of the officer, and a precise statement of the date and time of the violation.  This Court disagrees.

{¶8}     The complaint in this case, which was sworn to by State Trooper Joe Sankoe, was filed on October 6, 2010.  The body of the complaint reads as follows:

> Complainant being duly sworn states that Michael C. Campbell at the Township of Harrisville, Medina County, Ohio on or about April 23, 2010 did without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, act in a way that hampered or impeded a public official in the performance of his lawful duties in violation of section 2921.31(A) of the Ohio Revised Code.

{¶9}     Crim.R. 3 states that "[a] complaint is a written statement of the essential facts constituting the offense charged.  It shall also state the numerical designation of the applicable statute or ordinance.  It shall be made upon oath before any person authorized by law to administer oaths."  A charging instrument is sufficient to inform the defendant of the crime charged if the language of the charging instrument tracks the language of the statute the defendant is alleged to have violated. *State v. Smith*, 9th Dist. Summit No. 25069, 2010-Ohio-3983 ¶ 28, citing *State v. Landrum*, 53 Ohio St.3d 107, 119 (1990).  "[A]s this Court has previously explained, the purpose of an indictment is to provide the accused with sufficient notice of the offense, including the essential elements of the crime, with which that individual is charged." *State v. Ebersole*, 9th Dist. Summit No. 19447, 1999 WL 980552, *2 (Oct. 27, 1999), citing *State v. Campbell*, 9th Dist. Summit No. 12149, 1985 WL 4374, *2 (Dec. 11, 1985). "The primary purpose of the charging instrument in a criminal prosecution is to inform the accused of the nature of the offense with which he or she is charged." *Akron v. Holland Oil Co*. 146 Ohio

App.3d 298, 302-303 (9th Dist.2001), citing *State v. Riffle*, 4th Dist. Pickaway No. 00CA041, 2001 WL 273202, *5 (Mar. 12, 2001) (Crim.R. 3 is satisfied when the complaint "includes the essential elements of the offense charged, and is sufficient to place appellant on fair notice of the accusations against her[.]").

{¶10} Here, Campbell was charged with obstruction of official business in violation of R.C. 2921.31(A), and the complaint tracked the language of that offense. *Smith* at ¶ 28. As the complaint included the essential elements of the offense and placed Campbell squarely on notice of the nature of the charge against him, Campbell cannot prevail on his argument that the complaint was defective.

{¶11} The sixth assignment of error is overruled.

## ASSIGNMENT OF ERROR I

APPELLANT'S CONVICTION FOR ATTEMPTED OBSTRUCTION OF OFFICIAL BUSINESS WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

## ASSIGNMENT OF ERROR II

APPELLANT'S CONVICTION FOR ATTEMPTED OBSTRUCTION OF OFFICIAL BUSINESS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN ITS DECISION TO ADMIT THE VIDEOTAPED TESTIMONY OF APPELLANT TAKEN AT HIS PREVIOUS TRIAL FOR SPEEDING.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT'S DECISION TO AMEND THE CHARGE AGAINST APPELLANT, PRIOR TO CLOSING ARGUMENTS AT APPELLANT'S JURY TRIAL, FROM OBSTRUCTION OF OFFICIAL BUSINESS TO ATTEMPTED OBSTRUCTION OF OFFICIAL BUSINESS, WAS AN ABUSE OF DISCRETION.

{¶12}  In his first four assignments of error, Campbell raises issues dealing with matters that unfolded at trial.  It is the duty of the appellant to ensure that a transcript of proceedings is included in the appellate record.  App.R. 10(A).  While Campbell has included several DVDs of proceedings below, he has not included a written transcript of proceedings that complies with App.R. 9(B)(6).  Absent a proper trial transcript, this Court is unable to review the merits of Campbell's assignments of error and we must presume regularity in the trial court's proceedings. *State v. Dowey*, 9th Dist. Summit No. 25963, 2012-Ohio-1167, ¶ 4.  Campbell's first four assignments of error are overruled.

### ASSIGNMENT OF ERROR V

THE TRIAL COURT'S FAILURE TO ORDER THE STATE TO PROVIDE APPELLANT WITH A BILL OF PARTICULARS, INCLUDING THROUGH ITS DENIAL OF APPELLANT'S JANUARY 14, 2011 MOTION TO DISMISS, CONSTITUTED AN ABUSE OF DISCRETION.

{¶13}  In his fifth assignment of error, Campbell argues that the trial court abused its discretion by denying Campbell's motion to dismiss because the State failed to provide an adequate bill of particulars.  This Court disagrees.

{¶14}  Campbell filed a request for a bill of particulars on October 28, 2010.  After the State initially attempted to comply, Campbell renewed his request on November 18, 2010, on the basis that the State had failed to identify the factual conduct that formed the basis for the allegations in the complaint.  On December 6, 2010, the trial court issued a journal entry indicating that the State's bill of particulars was not adequate because it merely recited the language of the code section.  The trial court ordered the State to properly comply with Campbell's request and identify the specific conduct that gave rise to the charge.

{¶15} The State subsequently provided a bill of particulars which gave the date and time of the offense, and noted that the offense took place in the Harrisville Township, in Medina County. The bill of particulars also identified the "[a]lleged overt acts" as follows:

> Defendant did without privilege to do so and with purpose to prevent, obstruct, or delay performance by a public official of any authorized act within his official capacity, act in a way that hampered or impeded a public official in the performance of his lawful duties. The Defendant utilized an electronic device attached to his motor vehicle for the purpose of hampering or impeding the measurement of the speed of his vehicle by law enforcement officers utilizing laser devices.

{¶16} In a motion to dismiss filed on January 14, 2011, Campbell again argued that the bill of particulars was inadequate on the basis that the State neither explained how Campbell's device hampered or impeded the officer, nor did the State identify a statute making such devices illegal. The trial court issued a journal entry on January 19, 2011, indicating that the State had complied with Crim.R 7(E).

{¶17} On appeal, Campbell maintains his position that the State never provided an adequate bill of particulars and argues that the trial court abused its discretion by failing to either sanction the State or grant the motion to dismiss filed on January 14, 2011.

{¶18} Crim.R. 7(E) states that, upon written request, "the prosecuting attorney shall furnish the defendant with a bill of particulars setting up specifically the nature of the offense charge[d] and of the conduct of the defendant alleged to constitute the offense. * * *." The Supreme Court of Ohio has stated, "In a criminal prosecution the state must, in response to a request for a bill of particulars or demand for discovery, supply specific dates and times with regard to an alleged offense where it possesses such information." *State v. Sellards*, 17 Ohio St.3d 169 (1985), syllabus. "A bill of particulars has a limited purpose-to elucidate or particularize the conduct of the accused alleged to constitute the charged offense. A bill of

particulars is not designed to provide the accused with specifications of evidence or to serve as a substitute for discovery." *State v. Vu*, 9th Dist. Medina No. 11CA0058-M, 2012-Ohio-2002, ¶ 37, quoting *Sellards*, 17 Ohio St.3d at 171. "The purpose of a bill of particulars is to inform the defendant of the nature of the charge against her with sufficient precision to enable her to prepare for trial." *State v. Gordon*, 9th Dist. Lorain Nos. 91CA005266, 91CA005273, 1992 WL 308406, *3 (Oct. 14, 1992).

{¶19} In this case, the bill of particulars provided Campbell with sufficient information to constitute adequate notice of the event charged. The State identified the specific date and time of the offense. *Sellards* at syllabus. Moreover, in addition to generally tracking the language of the obstruction statute, the bill of particulars stated that Campbell "utilized an electronic device attached to his motor vehicle for the purpose of hampering or impeding the measurement of the speed of his vehicle by law enforcement officers utilizing laser devices." In short, the State indicated the charge was based on the fact that Campbell deployed a device designed to block the officer's laser detection gun. Thus, the State squarely identified the conduct which gave rise to the charge in the complaint. This information was sufficient to allow Campbell to prepare and present a defense to the obstruction charge.

{¶20} Campbell's fifth assignment of error is overruled.

### ASSIGNMENT OF ERROR VII

THE TRIAL COURT'S DENIAL OF APPELLANT'S NOVEMBER 4, 2010 MOTION TO DISMISS CONSTITUTED AN ABUSE OF DISCRETION.

{¶21} In his final assignment of error, Campbell argues that the trial court abused its discretion by denying his motion to dismiss filed on November 4, 2010. We disagree.

{¶22} On November 4, 2010, Campbell filed a pretrial "Motion to Dismiss Indictment/Information." In the motion, Campbell cited extensively to Trooper Sankoe's

testimony at the speeding trial in support of his position that the State could not present sufficient evidence to convict Campbell of obstruction of official business. Campbell argued that because Trooper Sankoe testified he was able to successfully record Campbell's speed with the laser detection gun, Campbell could not be convicted of obstruction. Campbell also argued that there was no evidence in this case that would have allowed the State to prove Campbell committed an overt act to prevent Trooper Sankoe from performing his duties. The trial court denied this motion on November 8, 2010.

{¶23} Both in his motion and on appeal, Campbell essentially argues that the complaint should have been dismissed based on a lack of sufficient evidence to sustain a conviction. In our resolution of Campbell's sixth assignment of error, we concluded that the complaint was not defective on its face. To the extent that Campbell makes an evidentiary argument that goes beyond the face of the complaint, we note that "[t]he Ohio Rules of Criminal Procedure [] do now allow for 'summary judgment' on an indictment prior to trial." *State v. Khalaf*, 9th Dist. Summit No. 19839, 2000 WL 727538, *1 (June 7, 2000), quoting *State v. Varner*, 81 Ohio App.3d 85, 86 (9th Dist.1991). Because Campbell raised evidentiary issues that went to the State's burden of production, he could present his challenge only as a motion for acquittal pursuant to Crim.R. 29(A). *Varner*, 81 Ohio App.3d at 86. Such a motion may only be made "after the evidence on either side is closed." Crim.R. 29(A). Thus, as Campbell's November 4, 2010 motion to dismiss raised sufficiency issues that went beyond the face of the complaint, the trial court properly denied the motion.

{¶24} Campbell's seventh assignment of error is overruled.

III.

**{¶25}** Campbell's assignments of error are overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

MICHAEL C. CAMPBELL, pro se, Appellant.

PAGE C. SCHROCK, III, Attorney at Law, for Appellee.