[Cite as *State v. Figueroa*, 2016-Ohio-6969.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 15CA010856 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANGEL L. FIGUEROA | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 10CR081251 |

DECISION AND JOURNAL ENTRY

Dated: September 26, 2016

CARR, Presiding Judge.

{¶1} Appellant, Angel Figueroa, appeals the judgment of the Lorain County Court of Common Pleas denying his motion to vacate his sentence. This Court affirms.

I.

{¶2} On September 1, 2010, the Lorain County Grand Jury indicted Figueroa on one count of escape in violation of R.C. 2921.34(A)(1), a felony of the second degree. After initially pleading not guilty to the charge at arraignment, Figueroa appeared for a change of plea hearing and entered a plea of guilty to the indictment. The trial court placed Figueroa on community control. The June 30, 2011 sentencing entry specified that if Figueroa violated the terms of his community control, the trial court could impose an eight-year prison term, which would be followed by a mandatory three-year term of post-release control. Nearly three years later, the trial court held a merits hearing where it determined that Figueroa had violated the terms of community control and imposed a five-year prison sentence.

{¶3}    On January 22, 2015, Figueroa filed a pro se motion to vacate his conviction on the basis that it was void due to an error in the imposition of post-release control.  The trial court promptly issued a journal entry denying the motion.  Figueroa subsequently filed a second pro se motion to vacate his conviction.  In support of his motion, Figueroa attached the sentencing entries from his conviction for robbery in 2000, and his conviction for escape in 2006.  The trial court issued a journal entry denying the second motion to vacate on September 2, 2015.

{¶4}    Figueroa filed a notice of appeal from the trial court's September 2, 2015 order.  Now before this Court, Figueroa raises one assignment of error.

II.

**<u>ASSIGNMENT OF ERROR</u>**

APPELLANT MR. FIGUEROA IS IMPRISONED ON VOID ESCAPE SENTENCE BASED ON VOID ESCAPE SENTENCE, BASED ON THE ORIGINAL SENTENCE BEING VOID FOR FAILURE TO SENTENCE HIM TO POST-RELEASE TERM IN THE JOURNAL ENTRY OF THE SENTENCE, ALSO ALL THREE SENTENCES ARE VOID FOR THE COURT NOT ENTERING IN THE JOURNAL ENTRY OF SENTENCE THE TERM MR. FIGUEROA WOULD HAVE TO SERVE [] IF HE SHOULD VIOLATE THE VOID POST-RELEASE CONTROL ALL IN VIOLATION OF THE OHIO CONSTITUTION ARTICLE I§§ 1, 2[,] 10, 16, IN CONJUNCTION WITH UNITED STATES CONSTITUTION AMENDMENTS 1ST, 5TH, 14TH BECAUSE HE'S IMPRISONED WITHOUT DUE PROCESS OR EQUAL PROTECTION WITHOUT SENTENCE OR CONVICTION. [SIC]

{¶5}    In his sole assignment of error, Figueroa contends that he is serving a void sentence.  This Court disagrees.

{¶6}    In support of his assignment of error, Figueroa contends that the trial court failed to properly impose post-release control at the 2011 sentencing hearing as well as in its 2011 sentencing entry. Figueroa further maintains that his convictions in three separate criminal cases are void due to a post-release control error relating to his 2000 robbery conviction.

{¶7}    Figueroa is currently in prison because he violated the terms of his community control in 2014, after being convicted of escape in 2011.  A review of the 2011 sentencing entry reveals that the trial court imposed a mandatory three-year term of post-release control, in accordance with R.C. 2967.28(B)(2).  Though Figueroa claims that the trial court failed to address the consequences of violating post-release control in the 2011 sentencing entry, the trial court specified that he could receive a prison term of up to one-half of the stated prison term if he violated the terms of post-release control.  R.C. 2929.19(B)(2)(e).  The sentencing entry further specified that if the violation was a commission of a new felony, he could receive a prison sentence of one year or the time remaining on post-release control, whichever is greater, and that the sentence could be ordered to be served consecutively to the sentence for the new offense.  R.C. 2929.141(A)(1).  Under these circumstances, Figueroa's contention that the trial court's sentencing entry failed to notify him of the consequences of violating post-release control is without merit.  While Figueroa also contends that the trial court failed to address post-release control at the sentencing hearing, we note that Figueroa has failed to include the transcript from the sentencing hearing in the appellate record.  It is the duty of the appellant to ensure that the relevant transcript of proceedings is included in the appellate record.  App.R. 10(A).  Absent a transcript from the sentencing hearing, we must presume regularity in the trial court's proceedings.  *State v. Campbell*, 9th Dist. Medina No. 13CA0013-M, 2014-Ohio-1329, ¶ 12, citing *State v. Dowey*, 9th Dist. Summit No. 25963, 2012-Ohio-1167, ¶ 4.

{¶8}    Figueroa further cites *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, in support of his position that his convictions for robbery in 2000 (Case No. 00CR055708), escape in 2006 (06CR071368), and escape in 2011 (Case No. 10CR081251) are all void due a post-release control error during his 2000 sentencing.  Though Figueroa's argument implicated his

2000 robbery conviction and his 2006 escape conviction, he filed his motion to vacate solely in Case No. 10CR081251, his most recent case. Figueroa's prior convictions are not before us in the instant appeal from the trial court's order denying his motion to vacate his sentence. Even assuming arguendo that Figueroa could attack his prior convictions in the instant appeal, Figueroa has failed to include the trial court records from his 2000 and 2006 convictions in the appellate record. Without a transcript from Figueroa's prior sentencing hearings, we must presume regularity in the trial court's proceedings. *Campbell* at ¶ 12, citing *Dowey* at ¶ 4. As Figueroa has failed to meet his burden of affirmatively demonstrating error on appeal, his assignment of error must be overruled. *See State v. Moore*, 9th Dist. Lorain No. 03CA008225, 2003-Ohio-4529, ¶ 7 ("An appellant has the burden to supply the record that demonstrates the error on appeal.").

{¶9} Figueroa's sole assignment of error is overruled.

### III.

{¶10} Figueroa's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

ANGEL L. FIGUEROA, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.