[Cite as *State v. Murphy*, 2017-Ohio-8513.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| COUNTY OF WAYNE | )ss: | NINTH JUDICIAL DISTRICT |
| | ) | |

| STATE OF OHIO | C.A. No. 17AP0014 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| BRADY MURPHY | WAYNE COUNTY MUNICIPAL COURT |
| | COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2017 TR-D 001417 |

DECISION AND JOURNAL ENTRY

Dated: November 13, 2017

CARR, Judge.

{¶1} Appellant, Brady Murphy, appeals the judgment of the Wayne County Municipal Court. This Court affirms.

I.

{¶2} This matter arises out of a traffic accident involving Murphy that occurred in Wayne County, Ohio on November 25, 2016. Murphy was eventually charged with one count of operating a motor vehicle without a valid license. Murphy pleaded not guilty to the charge and the matter proceeded to a bench trial. The trial court found Murphy guilty of the charge and imposed a $100 fine. The trial court specified that the fine and court costs were to be paid within 180 days.

{¶3} On appeal, Murphy raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

APPELLANT'S CONVICTION FOR DRIVING WITHOUT OPERATOR[']S LICENSE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE FIRST AMENDMENT RIGHT TO RELIGIOUS AND POLITICAL BELIEFS, AND THE FIFTH AMENDMENT RIGHT TO LIFE, LIBERTY, AND PROPERTY GRANTED TO MURPHY IN THE UNITED STATES CONSTITUTION.

**{¶4}** In his sole assignment of error, Murphy argues that his conviction for driving without a license was against the manifest weight of the evidence. This Court disagrees.

**{¶5}** We cannot reach the merits of Murphy's assignment of error. "'It is the appellant's responsibility to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal.'" *State v. Boatright*, 9th Dist. Summit No. 28101, 2017-Ohio-5794, ¶ 46, quoting *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 16, citing App.R. 9. Resolving Murphy's assignment of error necessitates a review of the trial transcript. Murphy has not included a trial transcript in the appellate record, nor has he included a statement of the evidence pursuant to App. 9(C). Under circumstances such as this where the appellant has not provided a complete record to facilitate our review, we must presume regularity in the trial court's proceedings and affirm. *State v. Jalwan*, 9th Dist. Medina No. 09CA0065-M, 2010-Ohio-3001, ¶ 12, citing *Knapp v. Edwards Laboratories.*, 61 Ohio St.2d 197, 199 (1980).

**{¶6}** Murphy's sole assignment of error is overruled.

III.

**{¶7}** Murphy's assignment of error is overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.


DONNA J. CARR
FOR THE COURT


SCHAFER, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

BRADY MURPHY, pro se, Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.