[Cite as *State v. Sheppard*, 2020-Ohio-56.]

STATE OF OHIO        )                IN THE COURT OF APPEALS
                         )ss:           NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA    )

STATE OF OHIO

    Appellee

    v.

WILLIAM R. SHEPPARD, et al.

    Appellants

C.A. Nos.    19CA0010-M
                   19CA0011-M

APPEAL FROM JUDGMENT
ENTERED IN THE
WADSWORTH MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE Nos.    18CRB00902-A
                   18CRB00903-A
                   18CRB00904-A
                   18CRB00905-A

DECISION AND JOURNAL ENTRY

Dated: January 13, 2020

CALLAHAN, Judge.

{¶1}    Appellants, William and Victoria Sheppard, appeal their convictions by the Wadsworth Municipal Court. This Court affirms.

I.

{¶2}    Mr. and Mrs. Sheppard entered a home that was listed for sale through an unlocked rear entrance on their own initiative, without scheduling a showing through their realtor. One of the owners of the home discovered their presence, but did not call the police at that time. Less than a week later, the Sheppards returned to the house and parked in the driveway, where they were, once again, discovered by one of the owners. The Sheppards were each charged with two counts of criminal trespass in violation of R.C. 2911.21(A)(1). The trial court found them guilty of the charges following a bench trial and fined them $50 per charge.

The Sheppards appealed, and this Court consolidated their appeals. Their assignments of error are combined and reordered for purposes of disposition.

**MR. SHEPPARD'S ASSIGNMENT OF ERROR NO. 2**

THE COURT ERRED BY FAILING TO CONSIDER THE CRIMINAL CONVICTION OF [MRS. SHEPPARD] AND I WAS AGAINST THE WEIGHT OF THE EVIDENCE.

**MRS. SHEPPARD'S ASSIGNMENT OF ERROR NO. 2**

THE COURT ERRED BY FAILING TO CONSIDER THE CRIMINAL CONVICTION OF THE SHEPPARDS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY ENOUGH EVIDENCE.

**MR. SHEPPARD'S ASSIGNMENT OF ERROR NO. 3**

THE COURT ERRED BY FAILING TO CONSIDER THE APPELLANT'S MENS REA (I HAD NO CRIMINAL INTENT).

**MRS. SHEPPARD'S ASSIGNMENT OF ERROR NO. 3**

THE COURT ERRED BY FAILING TO CONSIDER THE APPELLANT'S MENS REA (INTENT).

**MR. SHEPPARD'S ASSIGNMENT OF ERROR NO. 5**

THE COURT ERRED BY FAILING TO ACKNOWLEDGE THE SHEPPARDS WERE CONDUCTING LEGITIMATE BUSINESS, INSPECTING A HOME FOR SALE FOR HEALTH AND SAFETY ISSUES.

**MRS. SHEPPARD'S ASSIGNMENT OF ERROR NO. 6**

THE COURT ERRED BY FAILING TO ACKNOWLEDGE THE SHEPPARDS WERE CONDUCTING LEGITIMATE BUSINESS.

**MR. SHEPPARD'S ASSIGNMENT OF ERROR NO. 7**

THE COURT ERRED IN PROVING THE SHEPPARDS' PRESENCE WAS UNLAWFUL AND NOT PRIVILEGED.

**MRS. SHEPPARD'S ASSIGNMENT OF ERROR NO. 8**

THE COURT ERRED IN PROVING [MRS. SHEPPARD'S] PRESENCE WAS UNLAWFUL AND NOT PRIVILEGED.

**MR. SHEPPARD'S ASSIGNMENT OF ERROR NO. 8**

THE COURT ERRED IN REVIEWING THE SUFFICIENCY OF THE EVIDENCE UNDERLYING A CRIMINAL CONVICTION.

**MRS. SHEPPARD'S ASSIGNMENT OF ERROR NO. 9**

THE COURT ERRED IN REVIEWING THE SUFFICIENCY OF THE EVIDENCE UNDERLYING A CRIMINAL CONVICTION.

**MRS. SHEPPARD'S ASSIGNMENT OF ERROR NO. 4**

THE COURT ERRED BY FAILING TO CONSIDER THE APPELLANT'S ABSENCE OF CRIMINAL CULPABILITY.

{¶3} Mr. Sheppard's second, third, fifth, seventh, and eighth assignments of error and Mrs. Sheppard's second, third, fourth, sixth, eighth, and ninth assignments of error challenge the sufficiency and weight of the evidence supporting their convictions. Because the transcript of proceedings is not in the record, this Court cannot review the merits of these arguments.

{¶4} This Court has recognized that under App.R. 9(B), "[i]f the appellant intends to present an assignment of error on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of proceedings that includes all evidence relevant to the findings or conclusion." *See Macedonia v. Ewing*, 9th Dist. Summit No. 23344, 2007-Ohio-2194, ¶ 6-8. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Consequently, when an appellant challenges the weight or sufficiency of the evidence, but the transcript of proceedings is not part of the record, "this Court must presume regularity in the trial court's proceedings and accept its

judgment." *Ewing* at ¶ 8, citing *Wozniak v. Wozniak*, 90 Ohio App.3d 400, 409 (9th Dist.1993). *See also* App.R. 9(B)(4).

{¶5}    The obligation to provide all portions of the record necessary for appellate review always falls to the appellant. *See Knapp* at 199. This is true regardless of whether the appellant is represented by counsel. This duty falls to the appellant regardless of whether the proceedings were transcribed by an official court reporter in the first instance. *See*, *e.g.*, *State v. Thomas*, 9th Dist. Summit No. 25244, 2011-Ohio-912, ¶ 8 (noting that it was a pro se appellant's duty to ensure that a transcript was properly included in the record "despite the State's best efforts to provide this Court with a complete record[.]").

{¶6}    This Court cannot review the merits of the Sheppards' assignments of error because the trial transcript is not part of the record on appeal. When the Sheppards filed their notices of appeal, they also indicated on their docketing statements that the record would include

> [T]he original papers and exhibits filed in the trial court, a certified copy of the docket and journal entries, and a full or partial transcript of proceedings prepared for this appeal by a court reporter appointed by the trial court, who I served with a praecipe that I also filed with this court.

As required by App.R. 9(B)(2) and Loc.R. 6(C)(2) of the Ninth District Court of Appeals, the trial court appointed a court reporter to prepare the transcript at the Sheppards' request. No transcript of proceedings, however, was transmitted with the record. It appears from the body of the Sheppards' briefs that a transcript was appended as one of numerous exhibits to their briefs as originally filed in this Court, but this Court struck all of the exhibits with the exception of the judgment entries from which the Sheppards appealed. *See* Loc.R. 7(B)(10)(a) of the Ninth District Court of Appeals. In response to this Court's notice that the exhibits to their appellate brief had been stricken, the Sheppards could have taken the opportunity to supplement the record

with the transcript of proceedings. Instead, they took no action in furtherance of their duty to include the transcript in the record in response to that notice.

{¶7} "It is the duty of the appellant to arrange for the timely transmission of the record, including any transcripts of proceedings, * * * and to ensure that the appellate court file actually contains all parts of the record that are necessary to the appeal." Loc.R. 5(A) of the Ninth District Court of Appeals. Because these assignments of error challenge the weight and sufficiency of the evidence, the Sheppards were required to ensure that the record on appeal contained a transcript of proceedings. App.R. 9(B); *See Ewing* at ¶ 6, 8. In the absence of a transcript, this Court must presume regularity and affirm the trial court's judgment with respect to these alleged errors. *Knapp* at 199; *Ewing* at ¶ 8. *See*, *e.g.*, *State v. Murphy*, 9th Dist. Wayne No. 17AP0014, 2017-Ohio-8513, ¶ 5; *State v. Sutton*, 9th Dist. Medina No. 14CA0059-M, 2015-Ohio-2630, ¶ 4; *State v. Campbell*, 9th Dist. Medina No. 13CA0013-M, 2014-Ohio-1329, ¶ 12; *State v. Daniels*, 9th Dist. Lorain No. 08CA009488, 2009-Ohio-1712, ¶ 19-22; *Wellington v. Kohut*, 9th Dist. Lorain No. 06CA008974, 2007-Ohio-766, ¶ 7. *See also State v. Gates*, 9th Dist. Summit No. 25435, 2011-Ohio-5631, ¶ 5; *State v. Peters*, 9th Dist. Wayne No. 09CA0007, 2009-Ohio-6024, ¶ 12; *State v. Price*, 9th Dist. Medina No. 07CA0003-M, 2008-Ohio-2252, ¶ 51-53.

{¶8} Mr. Sheppard's second, third, fifth, seventh, and eighth assignments of error and Mrs. Sheppard's second, third, fourth, sixth, eighth, and ninth assignments of error are overruled.

II.

**MR. SHEPPARD'S ASSIGNMENT OF ERROR NO. 6**

THE COURT ERRED BY FAILING TO ACKNOWLEDGE THE FAIR HOUSING ACT SEC. 800. [42 U.S.C. 3601, 3604], PROHIBITS HOUSING DISCRIMINATION BECAUSE OF ONE'S RACE, COLOR, AND/OR DISABILITY. THE HOUSING AND CIVIL ENFORCEMENT SECTION

ENFORCES THE FAIR HOUSING ACT-PROHIBIT[ING] DISCRIMINATION IN THE RIGHT TO ACCESS HOUSING, AND IN THE SALE OF HOUSING.

**MRS. SHEPPARD'S ASSIGNMENT OF ERROR NO. 7**

THE COURT ERRED BY FAILING TO ACKNOWLEDGE THE FAIR HOUSING ACT SEC. 800. [42 U.S.C. 3601, 3604], PROHIBIT[S] HOUSING DISCRIMINATION BECAUSE OF RACE, COLOR, AND DISABILITY. THE HOUSING AND CIVIL ENFORCEMENT SECTION ENFORCES THE FAIR HOUSING ACT-PROHIBITING DISCRIMINATION IN THE RIGHT TO ACCESS HOUSING, AND IN THE SALE OF HOUSING.

{¶9} In their sixth and seventh assignments of error, respectively, Mr. and Mrs. Sheppard appear to argue that the prohibitions of the Fair Housing Act codified at 42 U.S.C. 3604, prohibited their prosecution.

{¶10} Mr. and Mrs. Sheppard are correct in their observation that 42 U.S.C. 3604 prohibits discrimination in the sale of a residence on the basis of "race, color, religion, sex, familial status, or national origin[.]" The Fair Housing Act defines prohibited conduct and provides remedies in the form of an administrative action under 42 U.S.C. 3610 and a private civil action for enforcement under 42 U.S.C. 3613. The Act also provides criminal penalties for any person who "whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with" the exercise of the rights provided therein. 42 U.S.C. 3631. Nothing in the Fair Housing Act, however, operates as a justification of or a defense to criminal charges related to trespassing.

{¶11} Mr. Sheppard's sixth assignment of error and Mrs. Sheppard's seventh assignment of error are overruled.

**MR. SHEPPARD'S ASSIGNMENT OF ERROR NO. 1**

THE COURT ERRED BY ENFORCING A PRIVATE POLICY OF RACIAL SEGREGATION, VIOLATING THE UNITED STATES CONSTITUTION.

## MRS. SHEPPARD'S ASSIGNMENT OF ERROR NO. 1

THE COURT ERRED BY ENFORCING A PRIVATE POLICY OF RACIAL SEGREGATION, VIOLATING THE UNITED STATES CONSTITUTION.

{¶12}  The Sheppards' first assignments of error appear to argue that by convicting them of criminal trespassing, the trial court enforced a private policy of racial segregation and, therefore, violated the Equal Protection Clause.

{¶13}  Although not cited in their briefs, the Sheppards' argument seems to be grounded in the United States Supreme Court's decision in *Griffin v. Maryland*, 378 U.S. 130 (1964).[1]  In *Griffin*, a deputy sheriff who was working a special duty assignment at a privately-operated amusement park was charged, as part of his duties, with maintaining the park's policy of excluding African Americans from its facilities.  *Id*. at 131-132.  The park did not require tickets for admission.  *Id*. at 131.  When the deputy sheriff saw the petitioners, who were African American, inside the park, he warned them to leave or face criminal prosecution.  *Id*. at 132.  When they refused, he arrested them and charged them with criminal trespassing.  *Id*. at 133.  The petitioners were convicted and fined for the offense.  *Id.* at 134.  The Supreme Court reversed their convictions, concluding that the deputy sheriff was enforcing the park's private policy of racial segregation on behalf of the State of Maryland and in violation of the Equal Protection Clause.  *Id*. at 137.

{¶14}  Mr. and Mrs. Sheppard were arrested and charged with criminal trespassing after they entered a private residence that they did not own without permission of the owners.  They

---

[1]  The Sheppards' entire argument in support of this assignment of error states, "Appellant[s'] conviction[s] * * * [were] in violation of the United States Constitution.  When a State undertakes to enforce a private policy of racial segregation, it violates the Equal Protection Clause of the Fourteenth Amendment, *Pennsylvania v. Board of Trusts*, 353 U.S. 230[.]"  Although generally consistent with the proposition they state, that case is not on point with this one.

have not identified any private policy of segregation at issue, nor have they demonstrated that their arrest and prosecution was in furtherance of any such policy. *Griffin* is, therefore, distinguishable, and their first assignments of error are overruled.

### MR. SHEPPARD'S ASSIGNMENT OF ERROR NO. 4

PERJURY–THE COURT ERRED BY FAILING TO ACKNOWLEDGE PERJURY WAS COMMITTED BY [THE HOMEOWNERS].

### MRS. SHEPPARD'S ASSIGNMENT OF ERROR NO. 5

PERJURY–THE COURT ERRED BY FAILING TO ACKNOWLEDGE PERJURY WAS COMMITTED BY [THE HOMEOWNERS].

{¶15} Mr. Sheppard's fourth and Mrs. Sheppard's fifth assignments of error argue that the trial court erred by failing to note that the owners of the home in which they were alleged to have trespassed committed perjury at trial.

{¶16} Mr. and Mrs. Sheppard's arguments are not well-taken for two reasons. To the extent that they argue that the homeowners' testimony was not credible based on evidence adduced at trial, the substance of that argument goes to the weight of the evidence. As noted above, however, the transcript of the trial is not part of the record on appeal, so this Court cannot review the weight of the evidence supporting their convictions. *See* App.R. 9(B); *Ewing*, 2007-Ohio-2194, at ¶ 6-8. Similarly, this Court cannot review Mr. and Mrs. Sheppard's arguments to the extent that they are premised on allegedly contradictory evidence otherwise outside the record because "evidence outside the record purporting to establish a witness lied is not within the purview of a direct appeal[.]" *State v. Clark*, 7th Dist. Mahoning No. 08 MA 15, 2015-Ohio-2584, ¶ 28. *See also State v. Curry*, 2d Dist. Greene No. 2012-CA-50, 2014-Ohio-3836, ¶ 51.

{¶17} Mr. Sheppard's fourth and Mrs. Sheppard's fifth assignments of error are overruled.

### III.

**{¶18}** Mr. and Mrs. Sheppard's assignments of error are overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
CONCURS.

CARR, J.
DISSENTING.

{¶19} I respectfully dissent from the judgment of the majority. It is true that the transcript is not properly a part of the record before this Court on appeal and, typically, this would cause this Court to presume regularity in the trial court proceedings and affirm the judgment. *See, e.g.*, *State v. Suttles*, 9th Dist. Summit No. 28748, 2018-Ohio-1607, ¶ 5. However, the circumstances before us are not typical. Here, an official court reporter was appointed and that court reporter prepared a transcript, *see* App.R. 9(B), also evidencing that the transcript was paid for. In fact, the briefing evidences that both sides had access to, and relied upon, that transcript in preparing their appellate briefs. Notably, nothing in the Ohio Rules of Appellate Procedure dictates who is responsible for filing the transcript with the clerk of the trial court in cases such as this one where there is no official court reporter. Given these circumstances, I would order the parties to explain why the transcript should not be included in the record on appeal. Doing so would give the State the opportunity to either explain any prejudice it might suffer if the transcript were considered or to agree that the transcript should be considered part of the record. It is a "fundamental tenet of judicial review in Ohio that courts should decide cases on their merits * * *." *State ex rel. Wilcox v. Seidner,* 76 Ohio St.3d 412, 414 (1996). Allowing the parties to brief this issue serves the interests of justice and fairness, while failing to do so elevates procedural form over substance. Accordingly, I respectfully dissent from the judgment of the majority.


APPEARANCES:

WILLIAM R. SHEPPARD and VICTORIA C. SHEPPARD, pro se, Appellants.

THOMAS J. MORRIS, Assistant Director of Law, for Appellee.